UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KEVIN JAMES CASEY,  No. 14-10048

                          Debtor(s).
_____/

KEVIN JAMES CASEY,

                          Plaintiff(s),

       v.  A.P. No. 14-1059

UNITED STATES DEPARTMENT OF
EDUCATION,

                          Defendant(s).
_____/

Memorandum After Trial
_____

    A few years ago, Chapter 7 debtor and plaintiff Kevin Casey was married, had a nice home and a well-paying job in the telecommunications industry. He is now divorced. His home has been sold as a short sale. He was laid off from his job and his unemployment benefits have expired. He is 63 years old, residing in a modest apartment. He is living off a very small pension, meager retirement savings, social security benefits, part time work and food stamps. He is unable to afford health insurance, and his support obligations to his former spouse have been reduced due to his inability to pay. By this

1

adversary proceeding, he seeks discharge pursuant to § 523(a)(8a) of the Bankruptcy Code of about $500,000 in student loans he incurred to pay for the education of his three children.

Student loans are dischargeable pursuant to § 523(a)(8) if the debtor makes a three-pronged showing: that the debtor cannot maintain a minimal standard of living if forced to repay the loans, that additional circumstances make this state of affairs likely to persist for a significant portion of the repayment period, and that the debtor has made a good faith effort to repay the loans. *In re Pena,* 155 F.3d 1108, 1111 (9th Cir. 1998).

Despite a boilerplate brief to the contrary (which makes numerous references to a different debtor of different gender), Defendant U.S. Department of Education did not seriously challenge Casey's testimony at trial that he is unable to maintain a minimal standard of living if forced to repay the loans; he is barely maintaining a minimal standard of living without being forced to repay the loans, and that is with waiver of his marital support obligations and lack of health insurance.

It is far more likely than not that Casey's situation will never improve to the point that he can pay any of the loans. His work experience is in a highly volatile industry and his age makes it unlikely that he can again land a high-paying job. Even if he were to land a decent-paying job, which is also unlikely, health insurance and support obligations would be items of higher priority. Underemployment, age and the limited number of years in remaining in the Casey's work life are factors which compel the court to the conclusion that Casey's inability to pay the loans will persist for the rest of his life. See *In re Nyes,* 446 F.3d 938, 947 (9th Cir. 2006).

Relying on *Hedlund v. Educational Resources Institute, Inc.,* 718 F.3d 848, 852 (9th Cir.2013), the government argues that Casey has somehow not made a good faith effort to be able to pay the loans. The court agrees that good faith is measured by the debtor's efforts to obtain employment, maximize income and minimize expenses. However, it does not agree with the government's assertion that Casey is somehow to blame for his situation and has not made a showing of good faith. It is not unusual, especially in a high-tech industry, for a debtor to have a high-paying job one day and be unemployed and living on food stamps the next, especially when the debtor is 63 years old. The

debtor's testimony appeared truthful and described a situation neither unusual nor contrived. Nor did it appear that he continued to apply for loans once he lost his job, or that he believed his future was a bleak as it turned out to be when the final loan funds were being disbursed. The undisputed evidence before the court was that Casey has tried diligently and unsuccessfully to find a new job and that he has been forced by circumstance to live frugally. Accordingly, the court finds that Casey has acted in good faith.

For the foregoing reasons, the court finds that the student loans in question are dischargeable. Judgement shall accordingly be entered in favor of Casey, who shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Casey shall submit an appropriate form of judgment forthwith.

Dated: December 12, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge